UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Keith Adger Smyth, | ) | Civil Action No.: 0:18-cv-01217-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SCDC Director Bryan Stirling, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Keith Adger Smyth, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's complaint without prejudice.[1] *See* ECF Nos. 9 & 11.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

In his complaint, Plaintiff sues SCDC[3] Director Bryan Stirling (the sole defendant) in his official capacity, generally alleging the conditions of the prison worsen when there is a "lockdown." *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because it seeks monetary relief against a defendant who is immune from such relief and because it fails to state a claim upon which relief may be granted. *See* R & R at pp. 2–5. Plaintiff has filed objections asserting "[t]his complaint is true . . ., and I haven't fail[ed] to state a claim," and asking the Court "not to dismiss my lawsuit." *See* ECF No. 11. He has also submitted several inmate grievance forms with his objections. *See* ECF No. 11-1.

Initially, the Court notes that Plaintiff does not object to the Magistrate Judge's conclusion that Defendant Stirling is immune from suit for damages under the Eleventh Amendment, and that he does not *specifically* object to the Magistrate Judge's conclusion that he fails to state an Eighth Amendment claim. The Court reiterates that absent a specific objection, it need only review the R & R for clear error

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] South Carolina Department of Corrections.

and need not explain its reason for adopting the R & R. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200. Nevertheless, the Court has conducted a de novo review of the R & R and agrees with the Magistrate Judge's conclusions.

However, the Court notes that the Magistrate Judge identified deficiencies that Plaintiff could potentially remedy by filing an amended complaint, and that Plaintiff has provided more particularized information with his objections (by way of the inmate grievance forms, some of which are dated after the date his complaint was signed). Accordingly, the Court will provide Plaintiff an opportunity to amend his complaint before dismissing this action.[4] *See generally* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *see, e.g.*, *Breyan v. All Med. Staff*, 691 F. App'x 102 (4th Cir. 2017) (noting the pro se plaintiff failed to name a proper defendant in his § 1983 complaint" and "remand[ing] the case to the district court with instructions to allow [the plaintiff] to amend his complaint" (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623–24 (4th Cir. 2015), and *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993))). **To comply with the Federal Rules of Civil Procedure, any amended complaint must identify the legal claims that Plaintiff asserts against any defendant and the factual basis for holding any such defendant liable. Failure to do so may result in the case being dismissed.**

## Conclusion

For the foregoing reasons, the Court **DECLINES** to adopt the R & R [ECF No. 9] at this time and **GRANTS** Plaintiff leave to file an amended complaint. **Plaintiff may file any amended complaint within fifteen (15) days of the date of this Order.** The Court **RECOMMITS** this matter to the Magistrate Judge for further pretrial handling and screening of any amended complaint.

---

[4] The Magistrate Judge did not provide Plaintiff an opportunity to amend his complaint.

**IT IS SO ORDERED.**

Florence, South Carolina  
June 27, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge